1

David J. McGlothlin, Esq. (SBN: 026059)
David@westcoastlitigation.com
**HYDE & SWIGART**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:   (602) 265-3332
Facsimile:    (602) 230-4482

2

3

4

5

6

Attorneys for Plaintiff
Eric Knutesen

7

8

9

10

# UNITED STATES DISTRICT COURT

11

## DISTRICT OF ARIZONA

12

13

14

15

16

17

18

19

20

21

22

23

**HYDE & SWIGART**
Phoenix, Arizona

| | |
|---|---|
| Eric Knutesen, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Seterus, Inc., and DOES 1 through 10, inclusive, and each of them, <br><br> Defendant. | **Case No: _____** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

24

25

26

Plaintiff, Eric Knutesen ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

27

28

HYDE & SWIGART
Phoenix, Arizona

## NATURE OF THE CASE

1.    Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Seterus, Inc., ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of Arizona, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Michigan state.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.    Venue is proper in the United States District Court for the District of Arizona pursuant to 18 U.S.C.  1391(b) and 18 U.S.C. § 1441(a) because Defendant does business within the state of Arizona and the county of Maricopa.

4.    Plaintiff, Eric Knutesen ("Plaintiff"), is a natural person residing in Arizona and is a "person" as defined by 47 U.S.C. § 153 (10).

5.    Defendant, Seterus, Inc., ("Defendant"), is a leader in the consumer debt recovery industry and is a "person" as defined by 47 U.S.C. § 153 (10).

6.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently

HYDE & SWIGART
Phoenix, Arizona

1    unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

2    Each of the Defendants designated herein as a DOE is legally responsible for

3    the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend

4    the Complaint to reflect the true names and capacities of the DOE Defendants

5    when such identities become known.

6    7.    Plaintiff is informed and believes that at all relevant times, each and every

7          Defendant was acting as an agent and/or employee of each of the other

8          Defendants and was acting within the course and scope of said agency and/or

9          employment with the full knowledge and consent of each of the other

10         Defendants.   Plaintiff is informed and believes that each of the acts and/or

11         omissions complained of herein was made known to, and ratified by, each of

12         the other Defendants.

13                              **FACTUAL ALLEGATIONS**

14   8.    Beginning in or around February of 2013, Defendant contacted Plaintiff on

15         his work telephone at (480) 213-0216, in connection with an attempt to reach

16         and/or communicate with "Drew."

17   9.    Defendant placed several collection calls a week, and at times upwards of

18         three (3) to four (4) calls in a single day, in connection with an attempt to

19         reach and/or communicate with "Drew."

20   10.   Defendant used an "automatic telephone dialing system", as defined by 47

21         U.S.C. § 227(a) (1) to place its daily calls to Plaintiff seeking to collect the

22         debt allegedly owed by "Brandon Miles."

23   11.   Defendant often left voicemail messages on Plaintiff's work telephone if

24         Plaintiff did not answer Defendant's calls.   In these messages, Defendant

25         utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. §

26         227(b) (1) (A).

27   12.   Defendant's calls constituted calls that were not for emergency purposes as

28         defined by 47 U.S.C. § 227(b) (1) (A).

HYDE & SWIGART
Phoenix, Arizona

13. Defendant's calls were placed to telephone number assigned to a work telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14. On numerous occasions Defendant contacted Plaintiff from telephone number (866) 570-5277.

15. On at least one occasion, Defendant contacted Plaintiff using the "automatic telephone dialing system" in connection with an attempt to reach and/or communicate with "Drew." Plaintiff informed Defendant that he was not "Drew" and requested Defendant to stop contacting him. However, Defendant continued to place several calls to Plaintiff a week, and upwards of one (1) to two (2) collection calls in a single day, to Plaintiff's work phone via Defendant's "automatic telephone dialing system" utilizing an "artificial or prerecorded voice" in connection with an attempt to reach and/or communicate with "Drew."

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her work telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filling of the Complaint.

18. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filling of the Complaint.

19. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

20. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

21. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

22. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

**HYDE & SWIGART**
Phoenix, Arizona

a) Whether, within the four years prior to the filing of this Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b) Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

c) Whether Defendant should be enjoined from engaging in such conduct in the future.

23.   As a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

24.   Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

25.   A class action is superior to other available methods of fair and efficient adjudication of the controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.   It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves

HYDE & SWIGART
Phoenix, Arizona

HYDE & SWIGART
Phoenix, Arizona

the resources of the parties and of the court system, and protects the rights of each Class member.

26. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the this Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

27. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Arizona Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. 227**

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class Members are entitled an award of $500.00  in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. 227**

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff   and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

35. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

HYDE & SWIGART
Phoenix, Arizona

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

36.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully submitted,

**Hyde & Swigart**


Date: October 25, 2013            By: _/s/ David J. McGlothlin_
                                   David J. McGlothlin
                                   Attorneys for Plaintiff

**HYDE & SWIGART**
Phoenix, Arizona