**DICKINSON WRIGHT/MARISCAL WEEKS**
2901 N. Central Avenue, Suite 200
Phoenix, Arizona 85012
Tel. 602-220-4542
Fax: 602-244-1441
vorze@dickinsonwright.com

Victoria Orze (011413)
Ari Charlip (*pro hac vice*)
Samantha Murray (*pro hac vice*)
Attorneys for Defendant Seterus, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Knutesen, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Seterus, Inc., and Does 1 through 10, inclusive, and each of them,<br><br>    Defendants. | No. CV-13-2224-PHX-LOA<br><br>**ANSWER OF DEFENDANT SETERUS, INC.** |

Defendant Seterus, Inc. ("Seterus") through undersigned counsel hereby Answers Plaintiff's Complaint as follows:

1. Seterus denies the allegations contained in paragraph 1 of Plaintiff's Complaint and affirmatively states that it did not violate the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.* as alleged by Plaintiff.

2. Seterus admits that Plaintiff is a resident of Arizona; Seterus further denies that it is a resident of the State of Michigan; and, as to the remaining allegations in Paragraph 2 of Plaintiff's Complaint, Seterus denies the allegations.

3. Seterus admits that venue is proper.

4. Seterus has insufficient information at this time to either admit or deny the allegations in paragraph 4, and therefore denies the same, except that to the best of Seterus' knowledge, information, and belief, Plaintiff Knutesen is a "person" as defined by 47 U.S.C. § 153(39).

5. Seterus denies the allegations contained in Paragraph 5 of Plaintiff's Complaint that it "is a leader in the consumer debt recovery industry" and further denies that it is a "person" defined under 47 U.S.C. § 153(10).

6. Seterus denies the allegations contained in Paragraph 6 of Plaintiff's Complaint, to the extent that there are any, that Defendants "DOES 1 through 10" are "subsidiaries" or "agents" of Seterus and with regard to the remaining allegations contained therein, no response is necessary.

7. Seterus denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Seterus has insufficient information at this time to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore, it denies the same.

9. Seterus has insufficient information at this time to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore, it denies the same.

10. Seterus has insufficient information at this time to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore, it denies the same.

11. Seterus has insufficient information at this time to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore, it denies the same.

12. Seterus has insufficient information at this time to either admit or deny

the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore, it denies the same.

13. Seterus has insufficient information at this time to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore, it denies the same.

14. Seterus has insufficient information at this time to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore, it denies the same.

15. Seterus has insufficient information at this time to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore, it denies the same.

16. Seterus has insufficient information at this time to either admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore, it denies the same.

17. Seterus denies the allegations contained in Paragraph 17 of Plaintiff's Complaint, to the extent that there are any, with regard to Plaintiff being a member of a "class" that is entitled to any relief, and with regard to the remaining allegations contained therein, no response is necessary.

18. Seterus denies the allegations contained in Paragraph 18 of Plaintiff's Complaint, to the extent that there are any, with regard to Plaintiff being a member of a "class" that is entitled to any relief, and with regard to the remaining allegations contained therein, no response is necessary.

19. Seterus denies all of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Seterus denies all of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Seterus denies all of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Seterus denies all of the allegations contained in Paragraph 22 (a-c) of Plaintiff's Complaint.

23. Seterus denies all of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Seterus denies the allegations contained in Paragraphs 24 of Plaintiff's Complaint and in particular denies that "Plaintiff will fairly and adequately protect the interest of the member of the Class" for the reason that there is no such "Class" to which Seterus has any liability thereto and as to the allegation that Plaintiff has retained experienced attorneys in the "prosecution of class actions," Seterus neither admits or denies same.

25. Seterus denies all of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Seterus denies all of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Seterus denies all of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

28. Seterus affirmatively alleges that the Plaintiff lacks standing to assert the claims presented by the Complaint.

29. Seterus affirmatively alleges that the Complaint fails to state a claim for which relief may be granted and that it should therefore be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

30. Seterus affirmatively alleges that the Plaintiff's claims are barred, in whole or in part, to the extent that the TCPA does not prohibit its practices.

31. Seterus affirmatively alleges that the Plaintiff's claims and those of the putative class are barred in whole or in part by the United States Constitution and any applicable state constitutions.

32. On information and belief, Seterus affirmatively alleges that the Plaintiff's claims and those of the members of the putative class are barred, in whole or in part, to the extent that Plaintiffs consented to all conduct surrounding the occurrences alleged in the Complaint.

33. On information and belief, Seterus affirmatively alleges that the Plaintiff's claims are or may be barred by the statute of limitations.

34. Seterus affirmatively alleges that the Plaintiff is not entitled to injunctive relief.

35. Seterus affirmatively alleges such other and further defenses as may be appropriate under the circumstances and requests leave of Court to assert such other defenses as they become known through discovery.

**FIRST CAUSE OF ACTION**

36. No response is necessary.

37. Seterus denies all of the allegations contained in Paragraph 29 of Plaintiff's Complaint and further states that it did not violate any provision of 47. U.S.C. § 227 et seq.

38. Seterus denies all of the allegations contained in Paragraph 30 of Plaintiff's Complaint and further states that it did not violate any provision of 47. U.S.C. § 227(b)(3)(B).

39. Seterus denies all of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

40. No response is necessary.

41. Seterus denies all of the allegations contained in Paragraph 33 of Plaintiff's Complaint.

42. Seterus denies all of the allegations contained in Paragraph 34 of Plaintiff's Complaint and further states that Plaintiff and the "Class members" are not entitled to any relief under U.S.C. § 227(b)(3)(B) and U.S.C. § 227(b)(3)(C).

43. Seterus denies all of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

WHEREFORE, Defendant Seterus, Inc., having fully answered the Complaint, respectfully requests that the Court deny the relief requested by Plaintiff and dismiss Plaintiff's claims with prejudice and award Seterus its attorney fees and costs in having to defend this matter.

## JURY TRIAL DEMANDED

Pursuant to Rule 38, Federal Rules of Civil Procedure, Defendant Seterus, Inc. demands a trial by jury.

DATED this 10th day of January, 2014.

DICKINSON WRIGHT PLLC

*s/ Victoria L. Orze*
Victoria L. Orze
Ari Charlip
Samantha Murray
Attorneys for Defendant Seterus, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of January, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David J. McGlothlin, Esq.  david@westcoastlitigation.com
Hyde & Swigart
2633 East Indian School Road, Suite 460
Phoenix AZ 85016
Attorney for Plaintiff


By:       *s/ Marsha E. Wood*

PHOENIX 51516-98 113780v2